UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EMMETT L. BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-cv-00327-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Nancy A. Berryhill, Commissioner of* | ) |
| *Social Security*,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Emmett L. Bennett brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On September 17, 2015, this Court entered an Opinion and Order reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (DE 32).

Bennett's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $17,587.50 for his representation of Bennett in federal court. (DE 40). The Commissioner argues that Shull did not timely file the motion under § 406(b), and therefore, the motion should be denied or the award reduced. (DE 47). For the following reasons, Shull's motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On October 16, 2013, Shull entered into a contingent fee agreement with Bennett for his representation of Bennett in federal court, in which Bennett agreed to pay him 25 percent of any

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

past-due benefits awarded to Bennett.² (DE 41-6).

On November 15, 2013, Bennett filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (DE 1). On September 17, 2015, Bennett received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (DE 32; DE 33).

On November 25, 2015, Bennett filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 27.65 hours of work Shull spent advocating his claim in federal court. (DE 34-DE 35). On December 8, 2015, the Commissioner filed a response, indicating that she had no objection to awarding Bennett $5,170.55 under the EAJA. (DE 37). The Court granted Bennett's motion and awarded him an EAJA fee award of $5,170.55. (DE 38). The government, however, seized the entire EAJA award to satisfy a debt that Bennett owed to the government. (DE 41 at 2; DE 41-1).

On July 17, 2016, the Commissioner sent Bennett a notice of award, informing him that he was entitled to monthly Supplemental Security Income ("SSI") payments beginning in October 2010, and past-due SSI in the amount of $48,694.03. (DE 41-2). On December 5, 2016, the Commissioner sent Bennett a notice of award, informing him that he was entitled to monthly Disability Income Benefit ("DIB") payments beginning in April 2010, and past-due DIB in the amount of $94,350.00. (DE 41-3). The Commissioner also notified Bennett that it was withholding $17,587.50 (equal to 25% of the past-due DIB) "in case [Shull] ask[ed] the Federal Court to approve a fee for work that was done before the court." (DE 41-3 at 4). However, on May 1, 2017, the Commissioner sent Bennett a notice of change in benefits, stating the

---

² The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

Commissioner was reducing his past-due DIB by $52,359.03 because he had been receiving SSI payments for some of the same months that he was entitled to DIB. (DE 41-4).

On May 2, 2017, Shull requested $6,000.00 from the amount withheld by the Commissioner, in payment for Shull's representation of Bennett at the agency level. (DE 41 at 2; DE 41-5).

On August 10, 2018, Shull filed the instant motion, together with supporting documentation, seeking the Court's approval of a payment of $17,587.50 for attorney fees before this Court. (DE 40-DE 42). On September 6, 2018, the Commissioner filed a response arguing that Shull's motion under § 406(b) was not timely. (DE 47).

On September 10, 2018, Bennett received a notice of award from the Commissioner, informing him that three of his children were entitled to past-due Social Security benefits and attorney fees. (DE 50-2 through DE 50-5).

On September 20, 2018, Shull filed his reply to the Commissioner's response, arguing that his motion for fees under § 406(b) was not late; in fact, it was premature because it did not take into account Bennett's children's past-due benefits. However, Shull does not seek to recover any fees from Bennett's children's past-due benefits. (DE 50 at 3).

### B. Legal Standard

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), courts are required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id*. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the

---

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### C. Analysis

The Court is charged with determining whether Shull's requested fee of $17,587.50 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Bennett's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). In that regard, Bennett was awarded $94,350.00 in past-due benefits. Thus, the fee amount that Shull requests, $17,587.50, does not exceed 25% of Bennett's past-due benefits.

Shull contends that his requested fee award of $17,587.50 is reasonable for the 27.65 hours that he spent representing Bennett in federal court. Shull emphasizes that (1) he achieved a good result for Bennett; (2) he provided Bennett with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law; (3) the requested fee reflects the contingent nature of the recovery; and (4) the requested fee aligns with the fees of other attorneys in the local market. (DE 41 at 8-12).

Shull did indeed obtain a successful result for Bennett. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience in the area of social security disability law. (*See* DE 42 ¶¶ 4-6).

Yet, this case was not particularly complex. Shull challenged the administrative law judge's ("ALJ") accounting for the opinions of several medical and non-medical sources of record in the residual functional capacity determination. (*See* DE 19 at 17-25). Accordingly,

Shull's arguments did not involve a novel or complicated issue. *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

The Court notes that Shull requested and received four 28-day extensions during the briefing process. (DE 15-DE 18; DE 27-DE 30). Thus, Shull did contribute to some delay in this case; nevertheless, the delay was not so excessive such that it would contribute to Shull's profit from the accumulation of Bennett's back benefits. *See Gisbrecht*, 535 U.S. at 808.

Shull also emphasizes that he incurred a substantial risk of loss in taking Bennett's case. Bennett's claim was denied four times at the initial and reconsideration levels, twice at the hearing level, and before the Appeals Council. (DE 41 at 9). In addition, Shull points to statistics indicating that social security claimants who go to court ultimately prevail only about 35% of the time.[5]  *See* Social Security Advisory Board, *Disability Decision Making: Data and Materials* at 89, 91 (May 2006), http://www.ssab.gov/Portals/0/OUR_WORK/REPORTS /Chartbook_Disability%20Decision%20Making_2006.pdf; *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence

---

[5] The statistics indicate that federal courts remand the Commissioner's final decision 45% of the time and grant benefits outright 5%. Of those cases remanded, 67% are ultimately awarded disability benefits.

standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in social security appeals. *See Crawford*, 586 F.3d at 1145 (considering social security advisory board statistics in a § 406(b) fee analysis).

To that end, Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $300./hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (DE 41-7 ¶ 8). Shull then explains that the requested fee of $17,587.50 divided by the 27.65 hours he spent on the case in federal court equates to an effective rate of approximately $636.00 per hour.[6] This rate is within the range of effective rates previously awarded in the Fort Wayne Division. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488, at *4 (N.D. Ind. Aug. 12, 2014) (awarding a fee equating to $653.79 per hour); *Owsley v. Astrue*, No. 1:07-CV-00073, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810.10 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. Here, Shull has made a convincing case that the good result he achieved for Bennett was due to

---

[6] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

his significant experience in social security disability law and his effective representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel."). Accordingly, Shull's requested fee award of $17,587.50 will be authorized by this Court. Moreover, Bennett's EAJA fee award of $5,170.55 need not be offset from Shull's award under § 406(b), as Bennett's entire EAJA fee award was seized by the government to satisfy a debt that Bennett owed to the federal government. *See Gisbrecht*, 535 U.S. at 796.

However, because Shull filed his request for § 406(b) fees more than a year after Bennett was awarded benefits, the Court must also address the timeliness of Shull's motion. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed."). "The time limit for submitting § 406(b) motions is something of an unresolved issue." *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *1 (N.D. Ind. July 11, 2011); *see Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). "Section 406(b) does not contain any such time limitation, so ordinarily Federal Rule of Civil Procedure 54(d) would govern, which provides that motions for attorneys' fees 'must be filed no later than 14 days after entry of judgment.'" *Cox*, 2011 WL 2692910, at *1 (quoting Fed. R. Civ. P. 54(d)(2)(B)(i)).

"Rule 54(d) is difficult to apply in the context of § 406(b), however, because it would mean requiring fee petitions to be filed within 14 days of entry of the district court judgment." *Id.*; *see also Bassett v. Astrue*, No. 09-3231, 2012 WL 295068, at *2 (C.D. Ill. Feb. 1, 2012).

8

"This is an unworkable scenario when the case is remanded to the Commissioner since it will almost always take longer than 14 days for the Commissioner to reach a decision and to issue [a notice of award] granting past-due benefits (from which any § 406(b) attorneys' fees would be derived.)" *Cox*, 2011 WL 2692910, at *1; *see also Bassett*, 2012 WL 295068, at *2.

Accordingly, in *Smith*, the Seventh Circuit Court of Appeals concluded that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." 815 F.2d at 1156. Although this decision was rendered at a time when Rule 54 imposed no time limit apart from an implicit requirement of reasonableness, district courts in the Seventh Circuit have continued to apply the "reasonable time" standard when considering § 406(b) requests. *See, e.g.*, *Bassett*, 2012 WL 295068, at *2 (citing *Smith*, 815 F.2d at 1156); *Cox*, 2011 WL 2692910, at *2 (citing *Smith*, 815 F.2d at 1156). For example, the Southern District of Indiana has denied a motion for fees under § 406(b) where counsel delayed the motion by almost a year, finding such a period of time unreasonable. *Hilbert v. Colvin*, No. 413CV00089TABTWP, 2016 WL 6071762, at *3 (S.D. Ind. Oct. 17, 2016) (denying a motion pursuant to § 406(b) where the attorney received an award in July 2015 and filed the motion in July 2016).

Here, Shull and the Commissioner disagree as to when the clock started to run as to the timeliness for Shull to file a motion under § 406(b). The Commissioner notified Bennett that it was withholding the $17,587.50 in past due benefits—the balance of 25% of the past-due benefits payable to Bennett in December 2016. (DE 41-3 at 4). However, Shull did not file the instant motion for § 406(b) fees until August 2018; approximately 20 months after the Commissioner's December 2016 notice of award.

Shull in his reply brief, argues that the motion was not late because he did not learn that Bennett's children were entitled to past-due benefits until after he filed the motion. Therefore,

9

Shull argues, the motion was actually premature as it does not account for Bennett's children's past-due benefits. But Shull did not contemplate Bennett's children's past-due benefits at the time he filed the motion for § 406(b) fees. In other words, the December 2016 notice of award prompted Shull to file the instant motion, not the notice from the Commissioner regarding Bennett's children's past-due benefits.[7] Nor does Shull explain why he did not promptly file the fee request after receiving the notice of award in December 2016.

In May 2015, the undersigned Magistrate Judge first warned Shull in another case that his motion for fees under § 406(b) could be denied due to untimeliness. *See Vanbuskirk v. Colvin*, No. 1:10-CV-00360-SLC, 2015 WL 3439228, at *4 (N.D. Ind. May 28, 2015) ("Shull is cautioned, however, that in the future the undersigned Magistrate may not be persuaded by Shull's reliance on the receipt of a close-out letter to show timeliness of a § 406(b) fee petition."). Since then, the undersigned Magistrate Judge has admonished Shull several more times for failing to timely file a motion for fees under § 406(b). In these instances, the undersigned Magistrate Judge cured any prejudice to the claimant by reducing Shull's fee award by the interest accumulated on the EAJA fee amount that Shull was required to refund to the claimant. *See Ball v. Comm'r of Soc. Sec.*, No. 1:12-CV-00369-SLC, 2018 WL 2356213, at *5 (N.D. Ind. May 24, 2018) (directing the Commissioner "to deduct from the portion due to Shull, an amount equal to the interest on the remaining [amount] owed to [the claimant], as calculated pursuant to the statutory interest rate"); *Moore v. Comm'r of Soc. Sec.*, No. 1:14-CV-00160-SLC, 2017 WL 3588066, at *4 (N.D. Ind. Aug. 21, 2017) (same); *Thompson v. Comm'r of Soc.*

---

[7] Similarly, the court in *Hilbert* did not measure the reasonableness of the attorney's delay in filing a motion for attorney fees pursuant to § 406(b) from the date the Commissioner informed the claimant of a change in the claimant's children's past-due benefits. 2016 WL 6071762, at *1.

*Sec.*, No. 1:14-CV-00282-SLC, 2017 WL 1509295, at *5 (N.D. Ind. Apr. 27, 2017) (same); *Heintz v. Comm'r of Soc. Sec.*, No. 1:14-CV-00195-SLC, 2017 WL 510943, at *3 (N.D. Ind. Feb. 7, 2017) (same); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-00134-SLC, 2016 WL 2643360, at *5 (N.D. Ind. May 10, 2016) (same); *Blow v. Comm'r of Soc. Sec.*, No. 1:11-CV-00293-SLC, 2015 WL 4591655, at *4 (N.D. Ind. July 28, 2015) (same). Notably, as the Commissioner observes, District Judge Miller recently criticized Shull for "'creat[ing] a pattern of delay in similar cases . . . .'" (DE 47 at 4 (quoting *Blanton v. Berryhill*, No. 3:15-CV-44-RLM, 2018 WL 3373506, at *2 (N.D. Ind. July 10, 2018)).

Nevertheless, despite Shull's failure to heed these prior warnings concerning his untimeliness, the Court will afford him **one final warning**. It is significant in this particular instance that the entire amount that has been withheld is attributable to Shull's fees, and thus, there is no apparent prejudice to Bennett in granting Shull's motion. *Cf. Waldemar v. Berryhill*, No. 15-CV-500-JDP, 2018 WL 4076449, at *2 (W.D. Wis. Aug. 27, 2018) (denying an untimely motion for fees under § 406(b) where the Commissioner had disbursed all past-due benefits to the claimant prior to the attorney filing the motion, causing prejudice to the Commissioner "who no longer ha[d] the funds, and potentially prejudiced [the claimant], who may have used the funds [that were already disbursed]"); *Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 457 (W.D.N.Y. 2018) ("As such, at least some courts applying the reasonableness inquiry have reviewed whether the delay was significant enough to prejudice the plaintiff in the receipt of his full reward, even if the plaintiff consents to his attorney's motion." (citing *Garland v. Astrue*, 492 F. Supp. 2d 216, 222 (E.D.N.Y. 2007)).

Therefore, the Court will grant Shull's motion for attorney fees pursuant to § 406(b)

11

despite his tardiness in filing it. However, in the future, absent extraordinary circumstances, the undersigned Magistrate Judge will **not** be inclined to grant untimely motions for § 406(b) fees filed by Shull in cases of unreasonable delay.

### D. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b) (DE 40) is GRANTED.

SO ORDERED.

Entered this 9th day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge